IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| TAYLOR WAGONER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:16-cv-00312-JAR |
| vs. ) | |
| ) | |
| STATE FARM MUTUAL AUTOMOBILE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE
OFFERED BY DEFENDANT STATE FARM AS TO
<u>ALLEGED COMPARATIVE FAULT DEFENSES</u>**

Plaintiff Taylor Wagoner ("Ms. Wagoner") hereby moves in limine to prohibit Defendant State Farm Mutual Automobile Insurance Company ("State Farm") from suggesting to the jury during voir dire, opening statements, or otherwise at trial the existence of evidence on matters relating to comparative fault, without first seeking and receiving leave of the court outside the hearing of the jury, demonstrating an adequate foundation for such evidence.

State Farm, in its Answer and Affirmative Defenses, alleges that Ms. Wagoner "in one or more of the following ways" was negligent in: failing to keep a careful lookout; driving at a speed too fast for the conditions in and there existing; failing to keep an adequate distance between her vehicle and the vehicle in front of her in order to stop; failing to slow, stop and swerve in time to avoid the collision; and because "the front of [her] vehicle came into contact with the rear of another vehicle." Answer First Amend. Complaint, Aff. Def. ¶1(a)-(e).

State Farm further asserts in its Answer and Affirmative Defenses that "any recovery by Plaintiff should be reduced in proportion to Plaintiff's comparative fault and negligence which contributed to cause any injury she may sustain." *Id*.

Ms. Wagoner anticipates State Farm may seek to inform the jury – in voir dire, as part of State Farm's opening statement, and during presentation of evidence – of certain assertions and alleged statements, mainly contained in the Missouri Uniform Crash Report (PLTF-7) (the "Crash Report") and or through the testimony at trial of the Crash Report's author by Trooper Paul Long ("Trooper") that Ms. Wagoner drove her vehicle at a speed in excess of the speed limit, followed too close, and failed to observe another vehicle. Such assertions – most of which are inadmissible hearsay – are expected to be offered as proof purportedly probative of contributory fault.

The legal sufficiency of affirmative defenses of the kind asserted by State Farm depend on the proponents' ability to present admissible evidence of causation. Ms. Wagoner anticipates State Farm will be unable to offer sufficient evidence of *any* kind demonstrating causation.

It is not enough for the proponent of affirmative defenses such as those advanced by State Farm to suggest a driver may have been driving in excess of the speed limit, or to show the automobile she was driving struck the rear end of another vehicle, or the driver did not slow, stop or swerve prior to the collision. The evidence also must show that the driver's act, or failure to act, made a difference, that it contributed to the accident or injuries, or that, but for the conduct, the accident would not have happened or would have happened differently.

Thus, for example, Missouri Courts have held that "excessive speed is not the proximate cause of a motor vehicle collision unless it prevents the operator from avoiding the accident; hence it must be shown that the collision would not have occurred except for the excessive speed shown by the evidence." *Roper v. Archibald*, 680 S.W.2d 743, 748 (Mo. App. 1984).

For the same reasons, under Missouri's "rear-end doctrine," evidence of a rear-end collision does not give rise to an inference of negligence absent proof of "the time and distance available to the overtaking vehicle." *Lichtenberg v. Hug*, 481 S.W.2d 527, 529 (Mo. App. 1972). Similarly, when a defense is based on a driver's alleged failure to keep a "careful lookout" so she could slow, stop or swerve, "evidence must be presented that the plaintiff had the means and ability to avoid the collision by doing each act described…." *Gardner v. Reynolds*, 775 S.W.2d 173, 178 (Mo. App. 1989). *Accord*, *Hayes v. Price*, 313 S.W.3d 645, 649-652 (Mo. 2010) ("The inquiry is two-fold: if the driver was keeping a careful lookout, could the driver have seen the danger; and, if the driver could have seen the danger, did the driver have the ability to take some precautionary measure….The evidence must support a finding that a driver had the means and ability to have avoided the collision.")

When, as with State Farm's alleged affirmative defenses, the admissibility of evidence "depends on whether a fact exists," the court may take up admissibility as a "preliminary question" including whether the proof has been introduced that is "sufficient to support a finding that the fact does exist." Fed. R. Evid. 104(b). When "justice so requires," the court may conduct a hearing on such preliminary questions "so the jury cannot hear it." *Id*. 104(c).

In the absence of evidence of causation, facts upon which its affirmative defenses depend, it would be improper for State Farm to suggest to the jury issues of "excessive speed," "following too closely," or failure to keep a "careful lookout."

3

With no evidence of causation, State Farm's suggestions to the jury of evidence of comparative fault lacks probative value and presents unreasonable danger of: "unfair prejudice, confusing the issues, misleading the jury, undue delay [and] wasting time." Fed. R. Evid. 403.

Respectfully submitted,

By: /s/Edward M. Roth
Anthony S. Bruning, #30906MO
Ryan L. Bruning, #62773MO
Anthony S. Bruning Jr., # 60200MO
Edward M. Roth, #37294MO
The Bruning Law Firm, L.L.C.
555 Washington Ave., Ste. 600
St. Louis, MO 63101
(314) 735-8100
(314) 735-8020
ryan@bruninglegal.com
tony@bruninglegal.com
aj@bruninglegal.com
eroth@bruninglegal.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 11th day of September, 2017, the forgoing was filed electronically with the Court Clerk using the Court's EMF filing system and that the filings were served on all parties by the Court's electronic filing system.

By: /s/Edward M. Roth