UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TAYLOR WAGONER, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-CV-00312 JAR |
| | ) | |
| STATE FARM MUTUAL AUTOMOBILE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the following motions: Plaintiffs' Post-Verdict Motion for Judgment as a Matter of Law on Defendant's Alleged Comparative Fault Defenses or, in the Alternative, a New Trial Limited to Assessing Comparative Fault, if any, to Plaintiff (Doc. No. 91); Plaintiff's Motion for Bill of Costs (Doc. No. 92); Defendant's Motion for New Trial (Doc. No. 93); Defendant's Motion for Judgment (Doc. No. 95); and Defendant's Motion to Amend Judgment (Doc. No. 97). The motions are fully briefed and ready for disposition.[1]

I.  **Background**

This action was tried to a jury beginning on September 25, 2017 through September 28, 2017. On Plaintiff Taylor Wagoner's claim for personal injury, the jury returned its verdict assessing 34% fault to Defendant State Farm Mutual Automobile Insurance Company and 66% fault to Plaintiff Taylor Wagoner, and the Court entered judgment accordingly. On Plaintiff

---

[1] Defendant filed its Response in Opposition to Plaintiff's motion for judgment as a matter of law or alternatively for new trial on October 25, 2017 (Doc. No. 99); Plaintiff filed her Response in Opposition to Defendant's post-trial motions on October 27, 2017 (Doc. No. 100). Neither side filed reply memoranda in support of their motions and the time for doing so has passed. Defendant filed no objection to Plaintiff's Bill of Costs.

Taylor Wagoner's claim for interest, penalties and attorney's fees against Defendant, the jury returned its verdict in favor of Plaintiff Taylor Wagoner and assessed her damages as follows: for interest, $7,100.00; for penalty, none; and for attorney fees, $15,312.00. The Court entered judgment accordingly.

In support of her motion, Plaintiff argues Defendant failed as a matter of law to present legally sufficient evidence in support of its comparative fault defenses. Defendant argues it is entitled to a new trial based on instructional error, evidentiary error, and the weight of the evidence. Defendant also moves for judgment as a matter of law on the issue of vexatious refusal penalties as there was no substantial evidence to support an award of penalties or attorney's fees under the vexatious refusal statute. Lastly, Defendant moves to amend the judgment to disallow attorney's fees on the grounds that proof of a contingency fee agreement, without evidence of the hours worked, billable rate and services provided, failed to provide a basis for the award of attorney's fees.

## II. Discussion

### A. Plaintiffs' Post-Verdict Motion for Judgment as a Matter of Law on Defendant's Alleged Comparative Fault Defenses or, in the Alternative, a New Trial Limited to Assessing Comparative Fault, if any, to Plaintiff

Plaintiff claims the Court erred in giving Instruction No. 10, which instructed the jury to assess a percentage of fault to Plaintiff if it believed she was negligent by (1) driving at an excessive rate of speed, or (2) failing to keep a careful lookout, or (3) colliding with the rear of Susan Lewis's vehicle. Plaintiff argues there was no evidence of causation, either direct or circumstantial, to support the three comparative fault submissions. She contends the evidence was undisputed that her car was in the left-hand lane at all times prior to the collision and that the vehicle with which she collided (Susan Lewis) was in the right lane until immediately prior to the collision. Plaintiff also asserts there was no dispute that immediately prior to the collision,

Ms. Lewis moved f to the left lane to avoid a ladder lying in the right lane. Further, Trooper Paul Long did not see the collision or interview witnesses to the collision.

A Rule 50(b) motion for judgment as a matter of law requires this Court to determine "whether the record contains evidence sufficient to support the jury's verdict." Racicky v. Farmland Indus., Inc., 328 F.3d 389, 393 (8th Cir. 2003). This inquiry requires the court to "examine the sufficiency of the evidence in the light most favorable to the [prevailing party] and view all inferences in [its] favor." Id. Judgment as a matter of law is appropriate only when all of the evidence points one way and is susceptible of no reasonable inference sustaining the nonmoving party's position. Id. The Court has considered Plaintiff's arguments with the foregoing standards in mind.

The evidence most favorable to the verdict establishes that Plaintiff rear ended Ms. Lewis's vehicle in the right lane at a speed in excess of the speed limit. The jury had evidence from which it could find that the accident occurred in the right lane, not the left lane, and that Ms. Lewis did not swerve in front of Plaintiff. Trooper Long found debris from the accident in the right lane, not the left lane, and a significant gouge mark in the pavement was consistent with the collision occurring in the right lane. Ms. Lewis testified she did not change lanes prior to the collision and eyewitness Kelly Cullen-Pack testified she did not see a vehicle swerve in front of Plaintiff at any time prior to the collision. Both Ms. Lewis and Ms. Cullen-Pack provided time and distance testimony. On cross-examination, Ms. Lewis estimated that she had over five seconds to respond to the ladder on the highway, which meant that when traveling 60 miles per hour, she had more than 450 feet to react. Ms. Cullen-Pack stated there was almost no time between the brake lights of the rear vehicle coming on and the collision between the two

vehicles. In addition, Plaintiff's hospital bed statement to Trooper Long indicated she was traveling 15 miles per hour over the speed limit just prior to the collision.

The Court concludes there was sufficient evidence presented in the case from which a jury could find that Plaintiff's actions were a contributing cause of her damages. See Freeman v. Busch, 349 F.3d 582, 590 (8th Cir. 2003). The giving of Instruction 10 was therefore not erroneous and Plaintiff's motion for judgment as a matter of law or, in the alternative, for new trial will be denied.

### B. Defendant's Motion for New Trial

Under Federal Rule of Civil Procedure 59(a)(1)(A), "[a] new trial is appropriate when the first trial, through a verdict against the weight of the evidence, an excessive damage award, or legal errors at trial, resulted in a miscarriage of justice." Gray v. Bicknell, 86 F.3d 1472, 1480 (8th Cir. 1996). A miscarriage of justice does not result whenever there are inaccuracies or errors at trial; instead, the party seeking a new trial must demonstrate that there was prejudicial error. Buchholz v. Rockwell Int'l Corp., 120 F.3d 146, 148 (8th Cir. 1997). It is almost entirely within the discretion of the trial court whether to grant a new trial. See Fed. R. Civ. P. 59(a); Orthoarm, Inc. v. Forestadent USA, Inc., No. 4:06-CV-730-CAS, 2008 WL 4681385, at *2 (E.D. Mo. Oct. 21, 2008) (citing Belk v. City of Eldon, 228 F.3d 872, 878 (8th Cir. 2000)).

#### 1. Instructional error

Defendant claims the Court erred in failing to submit Instruction A, which instructed the jury to assess a percentage of fault to Defendant if it believed: "[f]irst, the operator of an unknown vehicle failed to adequately secure a ladder during its transport, and [s]econd, such conduct directly caused or contributed to cause damage to plaintiff." Defendant contends that without a finding that the ladder was not properly secured to a motor vehicle, the Court

improperly allowed the jury to find against Defendant merely from the fact that a ladder was in the road. Likewise, Defendant contends that Instruction No. 8, the verdict director, did not require the jury to find a phantom vehicle operator failed to adequately secure the ladder.[2]

Under Missouri law, "the operator of a motor vehicle is presumed to be responsible for the safety of any load being hauled by the vehicle." Pfoutz v. State Farm Mut. Auto. Ins. Co., 861 F.2d 527, 530 (8th Cir. 1988). Further, R.S. Mo. § 307.010, requires vehicle operators to secure loads. Here, the undisputed evidence of the ladder in the roadway gave rise to an inference that the ladder was being transported by an unidentified vehicle when it fell onto the highway and that it had not been adequately secured in violation of Missouri statute. The Court's Instruction No. 8 fully comported with Missouri law and the evidence of the case. The jury need not additionally determine whether that conduct was negligent, because violation of the statute is per se negligence. See Weinbach v. Starwood Hotels and Resorts Worldwide, Inc., No. 4:16-CV-783-JCH, 2017 WL 3621459, at *2 (E.D. Mo. Aug. 23, 2017) (quoting Lowdermilk v. Vescovo Bldg. and Realty Co., Inc., 91 S.W.3d 617, 628 (Mo. Ct. App. 2002) ("Negligence per se 'is a form of ordinary negligence that results from the violation of a statute.'"). Defendant's Instruction A was properly refused by the Court as duplicative, confusing, contrary to Missouri law and inconsistent with the evidence at trial.

Next, Defendant claims the Court erred in failing to submit Instruction B, which would have withdrawn the evidence of Plaintiff's attorney's fees from the case ("The evidence of plaintiff's attorney's fees is withdrawn from the case and you are not to consider such evidence in arriving at your verdict."). As discussed infra, the Court found a sufficient basis for an award

---

[2] Instruction No. 8 instructed the jury to assess a percentage of fault to Defendant if it believed:

*First*, a ladder was lying in the southbound traffic lane of U.S. Highway 61, and
*Second*, the ladder either directly or directly contributed to cause damage to Plaintiff.

of attorney's fees in this case based on Plaintiff's testimony regarding her fee arrangement, the work performed by her attorneys, and the reasonableness of their contingency fee agreement.

Defendant also claims the Court erred in submitting Instruction Nos. 13 and 14 and Verdict B (on vexatious refusal) because there were open questions of law and fact as to whether Defendant acted properly in contesting Plaintiff's claim, and because there was no substantial evidence to support an award of attorney's fees or other penalties. As discussed infra, based on the evidence presented, a jury could have reasonably concluded that Defendant's investigation of Plaintiff's claim was inadequate. A jury could also have reasonably concluded that Defendant denied Plaintiff's claim because it mistakenly believed a liability decision had already had been made months earlier on the claim, when in fact, no such determination had been made. The giving of Instruction Nos. 13 and 14 and Verdict B was therefore not erroneous.

Taken as a whole, the Court finds the jury instructions fairly and adequately represented the evidence and applicable law in light of the issues presented to the jury. Swipies v. Kofka, 419 F.3d 709, 716 (8th Cir. 2005) (internal quotation marks and citation omitted)). The Court finds nothing to suggest that the instruction "misled the jury or had a probable effect on the verdict." Process Controls Intern., Inc. v. Emerson Process Management, No. 4:10-CV-645-CDP, 2013 WL 2420360, at *2 (E.D. Mo. June 3, 2013) (quoting Friedman & Friedman, Ltd. v. Tim McCandless, Inc., 606 F.3d 494, 499 (8th Cir. 2010)).

   **2. Medical treatment damages**

Defendant seeks a new trial on the issue of damages, asserting that the Court erred by failing to apply Mo. Rev. Stat. § 490.715.5 retroactively after its amendment limiting the medical damages a plaintiff can pursue. Prior to August 28, 2017, the statute provided:

> 5. (1) Parties may introduce evidence of the value of the medical treatment rendered to a party that was reasonable, necessary and a proximate result of the negligence of any party.
> (2) In determining the value of the medical treatment rendered, there shall be a rebuttable presumption that the dollar amount necessary to satisfy the financial obligation to the health care provider represents the value of the medical treatment rendered. Upon motion of any party, the court may determine, outside the hearing of the jury, the value of the medical treatment rendered based upon additional evidence, including but not limited to:
> (a) The medical bills incurred by a party;
> (b) The amount actually paid for medical treatment rendered to a party;
> (c) The amount or estimate of the amount of medical bills not paid which such party is obligated to pay to any entity in the event of a recovery.

Effective August 28, 2017, the statute was amended as follows:

> 5. (1) Except as provided in subsection 2 of this section, parties may introduce evidence of the actual cost of the medical care or treatment rendered to a plaintiff or a patient whose care is at issue. Actual cost of the medical care or treatment shall be reasonable, necessary and a proximate result of the negligence or fault of any party.
>
> (2) For purposes of this subsection, the phrase "actual cost of the medical care or treatment" shall be defined as the sum of money not to exceed the dollar amounts paid by or on behalf of a plaintiff or a patient whose care is at issue plus any remaining dollar amount necessary to satisfy the financial obligation for medical care or treatment by a health care provider after adjustment for any contractual discounts, price reductions or write-off by a person or entity.

Defendant contends this amendment is a rule of evidence, not a "substantive" rule of law, and should have been applied retroactively to limit the evidence in the case to the amount paid and owed by Plaintiff.

The Court found that Mo. Rev. Stat. § 490.715.5 as amended is substantive because it affects the rights and obligations owed to Plaintiff under the insurance contract at issue at the time of the incident on February 6, 2015. At that time, Plaintiff's right to medical damages included "the value of medical treatment," and was not limited to "actual costs" as provided by

the amendment to Mo. Rev. Stat. § 490.715.5. For this reason and the reasons stated on the record, the statute does not apply retroactively.

### 3. Weight of the Evidence

Finally, Defendant requests a new trial on the grounds that the verdict is against the weight of the evidence. In reviewing a motion for a new trial on the ground that the jury's verdict is against the weight of the evidence, the Court is free to weigh the evidence for itself and grant a new trial even where substantial evidence exists to support the verdict. Dominium Mgmt. Servs., Inc. v. Nationwide Housing Group, 195 F.3d 358, 366 (8th Cir. 1999). "Ultimately, the district court must determine if there will be a miscarriage of justice if the jury's verdict is allowed to stand." Id. (citing White v. Pence, 961 F.2d 776, 780 (8th Cir. 1992)). A miscarriage of justice occurs when there is insufficient evidence to support the verdict. Douglas County Bank & Trust Co. v. United Financial Inc., 207 F.3d 473, 478 (8th Cir. 2000). Based on a review of the evidence presented, the Court does not believe the jury's verdict was against the substantial weight of the evidence and did not result in a miscarriage of justice.

## C. Defendant's Motion for Judgment

Defendant moves for judgment as a matter of law on the issue of vexatious refusal penalties as there was no substantial evidence to support the jury's award of attorney's fees or other penalties under Mo. Rev. Stat. § 375.420. Defendant asserts that because there was an open question of liability relating to Plaintiff's claim, it was entitled to insist on a judicial determination of the issues without being penalized for vexatious refusal. "However, the existence of a litigable issue does not preclude a vexatious penalty where there is evidence the insurer's attitude was vexatious and recalcitrant. Direct and specific evidence to show vexatious refusal is not required[;] the jury may find vexatious delay upon a general survey and a

consideration of the whole testimony and all of the facts and circumstances in connection with the case." DeWitt v. American Family Mut. Ins. Co., 667 S.W.2d 700, 710 (Mo. banc 1984).

Plaintiffs argue that based on the evidence presented, a jury reasonably could have concluded that Defendant did not investigate, consider and recommend denial of Plaintiff's uninsured motorist claim in part because its claims handler was overwhelmed by the number of claims filed. A jury could also have reasonably concluded that Defendant denied Plaintiff's claim because it mistakenly believed a liability decision had already had been made months earlier on the claim, when in fact, no such determination had been made. "The adequacy of an insurer's investigation of a claim may be considered evidence of vexatiousness." Allen v State Farm Mutual Automobile Ins. Co., 753 S.W.2d 616, 620 (Mo. Ct. App. 1988); see also D.R. Sherry Constr., Ltd. v. American Family Ins. Co., 316 S.W.3d 899, 907 (Mo. 2010); Stark Liquidation Co. v. Florists Mutual Ins. Co., 243 S.W.3d 385, 401 (Mo. Ct. App. 2007).

### D. Defendant's Motion to Amend Judgment

Relying on Russell v. Farmers & Merchants Ins. Co., 834 S.W.2d 209 (Mo. Ct. App. 1992), Defendant argues that Plaintiff's proof of a contingency fee agreement, without evidence regarding the hours worked, billable rate, and services provided, failed to provide a basis for the award of attorney's fees. Defendant seeks to amend the judgment to disallow attorney's fees. In Russell, the court held the insured's testimony that she had a contingency fee arrangement with her attorney did not establish the reasonable value of her attorney's services. Id. at 224. Unlike in Russell, Plaintiff testified not only to her fee arrangement, but also to the significant amount of work performed by her attorneys, which included preparing her for depositions and for trial. In addition, the jury could observe that Plaintiff's attorneys were present for multiple days of trial.

Even in the absence of evidence of hours worked and billable rates, the Court finds there was a sufficient basis for an award of attorney's fees.

E.  Bill of Costs

On October 19, 2017, Plaintiff filed her motion for Bill of Costs, asserting that she is entitled to costs pursuant to Rule 54 and 28 U.S.C. § 1920 in the amount of $3,975.55. Defendant filed no objection to Plaintiff's Bill of Costs. Pursuant to Local Rule 54, the Clerk is required to tax costs as claimed in the bill if no timely objection is filed. E.D. Mo. L.R. 54-8.03(3). Because Defendant has made no specific objections to Plaintiff's bill of costs, and Plaintiff has submitted a verified statement that the costs are correct and were necessary for the litigation of this action, the Court will award the costs as claimed in the bill of costs to Plaintiff. Bakhtiari v. Beyer, No. 4:06-CV-1489-CEJ, 2009 WL 1161039, at *1 (E.D. Mo. Apr. 29, 2009).

**III.   Conclusion**

For the foregoing reasons, the Court concludes that the jury's verdict represents neither a miscarriage of justice nor the denial of a fair trial.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Post-Verdict Motion for Judgment as a Matter of Law on Defendant's Alleged Comparative Fault Defenses or, in the Alternative, a New Trial Limited to Assessing Comparative Fault, if any, to Plaintiff [91] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for New Trial [93] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Judgment [95] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Amend Judgment [97] is **DENIED.**

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Bill of Costs [92] is **GRANTED**. The Clerk of Court shall tax costs in favor of Plaintiff Taylor Wagoner and against Defendant State Farm Mutual Automobile Insurance Company in the amount of **$3,975.55.**

Dated this 15th day of November, 2017.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**